The Methodist E. Church of Cincinnati *v.* Wood.

---

## THE METHODIST E. CHURCH OF CINCINNATI *v.* WOOD.

Money had and received—witness—evidence—abatement—religious seceders— church funds.

The only interest which disqualifies a witness, is a direct one in the event of the suit.　Members of a public corporation, which is a party to the suit, are competent witnesses.

A bill of discovery with the *responsive* answer, are evidence for the defendant to the bill; but the answer to such bill, so far as it regards other than responsive matter, is not evidence for him.

Assumpsit will lie by a corporation to recover money received by its treasurer, and he cannot object after he has gone out of office, under the general issue, that the body was not incorporated

Where lands have been conveyed in trust for the use of churches, the act of 1825 vests it in such trustees as may be appointed by the church and their successors in office, in perpetual succession.

Seceders from a religious society cannot retain its funds on the ground of their being members of the society when the funds accrued.

ASSUMPSIT for money had and received by the defendant, when treasurer of the corporation.　Issue is taken upon non-assumpsit. It appeared in evidence that after receiving the money, the defendant,

The Methodist E. Church of Cincinnati *v.* Wood.

with a number of others, seceded from the society. A new treasurer was afterwards elected, who demanded the funds in the hands of the defendant, his predecessor, but he refused to pay over. In the progress of the trial the court decided the following questions of evidence:—

1. That the competency of a witness on account of interest, depends upon him having a subsisting interest, in the event of the suit.

2. That members of a public charitable corporation, even when the corporation is party to the suit, are competent witnesses while those of corporations created for the private advantage of the corporators, are not.

*3. Where a bill of discovery has been filed in chancery, and [**13** an answer obtained, the answer, so far as it is responsive to the bill, is evidence; but as to any other matter set up in the answer, it furnishes no competent evidence for the defendant to the bill; but the defendant may use the bill, if it contain any admission to his advantage.

*N. Wright* and *Lewis*, for the plaintiffs.
*Hammond* and *Starr*, for the defendant.

WRIGHT, J. to the jury. If the defendant intended to object the want of capacity in the plaintiffs to sue, he should have pleaded that matter in abatement, or in bar; by the general issue he admits the plaintiffs' right to sue, in the character they describe themselves to possess. 1 *Pet.* 386, 450; 4 *Pet.* 501; 1 *B. & P.* 40; 1 *Mass.* 482, 4; 1 *Saund.* 340, *n.* 2.

The money claimed by the defendant was received by him in virtue of an office he held under the plaintiffs. Having become dissatisfied with the government of the church, the defendant seceded from, and now seeks to retain the money received by him, upon the ground that he and his co-corporators received it without any corporate authority! The simple question under the issue, in our understanding of the law, is whether the defendant, who acknowledges that he has received money for the plaintiffs while in their service, has a right, in equity and good conscience, to retain it from them. The facts are admitted, and we think that in law he has no such right. But if the question involved the title to the land, as has been contended, the act of January, 1825, 29 *O. L.* 464, provides that all land, not over twenty acres, that has been or may be conveyed in trust for a religious society, shall descend in perpetual succession, to such trustees as shall from time to time be appointed by such society, according to its rules. That law embraces this case, and we discover no sound objection to its validity.

No individual corporator can hold the corporate funds against the corporation, even while he continues a member. These seceders do not pretend to retain the corporate powers or name. They *withdrew* from the church, instead of remaining in it, to effect a reform by their voices and influence upon the other corporators, according to the usage and discipline of the society. Instead of this, they have framed a new association, under a new name, and they govern this association and manage its affairs according to a new discipline, adopted by themselves, essentially variant from that of the church from which they separated. We can see no shadow of claim in them, under such circumstances, to sustain the positions urged in their behalf.

Verdict and judgment for the plaintiff.

[This case is also reported and more fully in 5 *O.* 284.

On the point that corporate capacity to sue is admitted by the general issue this case is limited and held not to apply to foreign corporations. *Lewis v. Bank of Kentucky*, 12 *O.* 132, 148.]